FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 10 2018
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ALLEN SMITH                      PLAINTIFF

vs.        NO. CV. 3:18-cv-00240 BSM

CITY OF POCAHONTAS; KARY STOREY,
Individually and in his official capacity as
the Mayor of Pocahontas; CECIL TACKETT,
individually and in his Official Capacity as
the Chief of Police of the Pocahontas Police
Department; and JESSE LUFFMAN, Individually,
And in his Official Capacity as a Lieutenant for the
Pocahontas Police Department                 DEFENDANTS

This case assigned to District Judge MILLER
and to Magistrate Judge Ray

## COMPLAINT

Comes Plaintiff, Allen Smith, through his attorneys Skarda & Lonidier, P.L.L.C., and for his Complaint against the Defendants states:

### PARTIES AND JURISDICTION

1. Allen Smith is an individual police officer who formally worked for the City of Pocahontas Police Department.

2. The City of Pocahontas, Arkansas is a public entity located within the Eastern District of the State of Arkansas.

3. Kary Storey is sued in his individual capacity and in his public capacity as the mayor of the City of Pocahontas.

4. Cecil Tackett, is sued in his individual capacity and in his public capacity as the Chief of Police of the City of Pocahontas.

5. Jesse Luffman is sued in his individual capacity and in his public capacity as a Lieutenant for the Pocahontas Police Department.

6. Plaintiff brings this action for violations of the Americans with Disabilities Act as allowed by 42 U.S.C. § 12101 *et seq.* because he was fired for what Defendants' perceived to be a disability.

7. Smith filed his charge of discrimination with the Equal Employment Opportunity Commission less than 180 days after being fired from the Pocahontas Police Department and he received his Right to Sue Letter within ninety days of the filing of this Complaint. Venue is proper under 28 U.S.C. § 1391 and all actions were taken under color of law. A copy of Smith's Right to Sue Letter is attached as **Exhibit 1**.

## FACTS

8. On or about December 14, 2017, Allen Smith, Sargent Brian Tilghman, Corporal Jeremiah Winslow, and Officer Anthony Parten were traveling back from a training in Little Rock, Arkansas.

9. The vehicle ran over a piece of debris and causing a loud noise in the roadway, and Plaintiff became quiet and unresponsive for several minutes until he began responding again.

10. After Smith became responsive again the other officers in the vehicle asked if he was alright and Smith mentioned that maybe loud noises bothered him because of his previous military service.

11. On 12 January 2018 the Chief of Police Cecil Tackett and Lieutenant Jesse Luffman told Smith that they had scheduled an evaluation for him with a Doctor Del R. Thomas. The evaluation took place on 16 January 2018.

12. On 18 January 2018 Dr. Thomas informed Chief Tackett and Lieutenant Luffman that folks who have Post-Traumatic Stress Disorder ("PTSD") can work jobs and have no problems, but he was concerned over the length of the alleged episodes.

13. Dr. Thomas stated that the evaluation may not be favorable and whether Chief Tackett and Lieutenant Luffman were prepared for that.

14. On or about 22 or 23 January 2018, Dr. Thomas called Lieutenant Luffman and said he could not recommend him for certification with a clear conscience.

15. On 24 January 2018 Lieutenant Luffman received the evaluation and confirmation of evaluation form and Smith was discharged the next day.

16. Smith requested his personnel file on 26 January 2018.

17. Smith returned his issued equipment on 30 January 2018.

18. Smith sought three separate different opinions concerning his alleged mental condition.

19. The first mental evaluation was conducted in April of 2018 by a Doctor Gilchrest and he was found to not have PTSD.

20. A second evaluation was conducted in May of 2018 by the Veteran's Association. ("VA"). by a doctor named Russell Dixon. The VA informed Smith that they could not treat him for PTSD because he did not have that mental condition.

21. A final mental evaluation was conducted for the purpose of maintaining his law enforcement certification in June of 2018. Smith successfully

completed that evaluation, maintained his certification and was hired by the Randolph County, Arkansas, Sheriff's Office on 3 July 2018.

22. All actions of the Defendants were approved by the appropriate policymakers

23. Plaintiff requests punitive damages in this matter.

24. Plaintiff pleads for back pay and front pay.

25. Plaintiff reserves the right to plead further upon completion of discovery.

26. Plaintiff requests a reasonable attorney's fee.

## COUNT I

27. Plaintiff, Smith restates each and every foregoing statement as if set out here word for word.

28. Defendants believed that Smith had the impairment of PTSD.

29. The Defendants discharged Smith based upon their belief in his perceived PTSD disability.

30. Smith could have performed the essential functions of his job with the Pocahontas Police Department at the time of his discharge by the Defendants.

31. The Defendants' belief concerning Smith perceived disability was both a motivating and determining factor in the Defendants' decision to terminate his employment with the Pocahontas Police Department.

32. As a direct and proximate cause of the Defendants' actions, Plaintiff has suffered damages in the form of severe emotional distress, lost wages, and lost benefits and has incurred other special damages in amount that exceeds $75,000.00.

33. Defendants' actions have violated the Americans with Disabilities Act and corollary provisions in the Arkansas Civil Rights Act.

## COUNT II

34. Plaintiff restates the foregoing as if set out word for word herein.

35. The City of Pocahontas has violated an implied contract it had with Smith.

36. The City disciplined and terminated Smith for an unlawful reason when it terminated him based solely on his perceived PTSD disability.

37. Despite the prohibition on the types of actions taken by the City of Pocahontas, the City nevertheless terminated Smith for an unlawful reason.

38. As a direct and proximate cause of the Defendants' actions, Plaintiff has suffered damages in the form of severe emotional distress, lost wages, and lost benefits and has incurred other special damages in amount that exceeds $75,000.00.

39. Plaintiff reserves the right to plead further as discovery requires.

40. Plaintiff demands a jury trial.

**WHEREFORE**, Smith prays for appropriate compensatory and punitive damages against the Defendants, for a trial by jury, for appropriate declaratory and injunctive relief for a reasonable attorney's fee and costs and for all just and proper relief.

Respectfully submitted,

By: /s/ Abram Skarda
Abram Skarda Ark. Bar (2014215)
Skarda & Lonidier, P.L.L.C.
P.O. Box 6042
Jonesboro, AR 72403
Phone: (870) 819-4535
Fax: (870) 455-0007
Email: abram@skarda-lonidier.com

By: /s/ Kirk Lonidier
Kirk Lonidier Ark. Bar (2015139)
Skarda & Lonidier, P.L.L.C.
P.O. Box 6042
Jonesboro, AR 72403
Phone: (870) 819-4535
Fax: (870) 455-0007
Email: kirk@skarda-lonidier.com