IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

ALLEN SMITH                                                      PLAINTIFF

v.                  Case No. 3:18-cv-00240 BSM

CITY OF POCAHONTAS, et al.                          DEFENDANTS

## ORDER

Defendants' amended motion for summary judgment [Doc. No. 12] is granted on all of Allen Smith's claims, and this case is dismissed with prejudice.

## I. BACKGROUND

Smith alleges violations of the Americans with Disabilities Act ("ADA") and breach of implied contract. The facts, taken in the light most favorable to Smith, are as follows.

Smith is a military veteran who worked as a police officer for the City of Pocahontas Police Department. Def's F. ¶ 5. Smith was riding in the car with Lieutenant Brian Tilghman, and officers Anthony Parten and Jeremiah Winslow, from a training session when Parten drove over debris, causing a loud noise. *Id.* at ¶ 6. Smith began breathing heavily and did not respond to the others for about a minute when they asked whether he was okay. *Id.* Smith apologized and said that his Post Traumatic Stress Disorder ("PTSD") was "acting up," although he had not been diagnosed with PTSD. *Id.*; Pl's Resp. Def's F. ¶ 3. Tilghman submitted a report about the incident to Lieutenant Jesse Luffman, who required statements from Parten and Winslow as well. Def's F. ¶ 10. Parten reported that he had witnessed

Smith become unresponsive for several minutes on another occasion when Smith was startled by the sound of thunder. Doc. No. 13-11.

The police department has a policy stating that a person is not eligible for certification as a law enforcement officer if a mental health professional finds that he has a condition that could limit his ability to cope with the stress of his law enforcement duties. Doc. No. 13-21 at 9. *See also* Def's F. at 48. The policy also requires that police officers to be able to react quickly and calmly to demanding situations. *Id.* ¶ 40.

Pursuant to the policy, Doc. No. 13-21 at 9, Smith had psychological evaluation after the incident. *Id.* ¶¶ 11–14. The reviewing psychologist reported that he could not "in good conscience recommend [Smith] for law enforcement certification" because loud, unexpected noises could occur at any time on the job, and it is impossible to predict when Smith might become unresponsive. Doc. No. 13-14. The psychologist also reported that Smith's "history is consistent with a diagnosis of PTSD," and while a diagnosis of PTSD would not necessarily preclude Smith from being a police officer, there is nonetheless an "endless number of situations in which the unexpected might occur." *Id.*

Chief Cecil Tackett terminated Smith after informing him of the psychologist's findings. Def's F. at ¶ 23. Smith timely filed a charge of disability discrimination with the Equal Employment Opportunity Commission ("EEOC"), and was issued a right to sue letter. Doc. No. 13-19. Smith timely filed suit and defendants now move for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

A.  <u>Disability Discrimination</u>

*1. Direct Evidence*

Smith could survive summary judgment by presenting direct evidence of disability discrimination, but he has not done so. *Lors v. Dean*, 746 F.3d 857, 865 (8th Cir. 2014). Direct evidence would specifically link the city's alleged animus to Smith's termination, and would allow a reasonable fact finder to find that an illegitimate basis actually motivated the termination.

## 2. Burden-Shifting Framework

In the absence of direct evidence, Smith could survive summary judgment by creating an inference of unlawful discrimination under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). This requires Smith to establish a prima facie case of discrimination. *Higgins v. Union Pacific Railroad Co.*, 931 F.3d 664, 669 (8th Cir. 2019). To meet his burden, he must show that: (1) he is a disabled person as defined by the ADA, (2) he is qualified to perform the essential functions of his job, and (3) he suffered an adverse employment action because of his disability. *Id.*

If Smith establishes a prima facie case, the defendants must offer evidence to show there was a legitimate, nondiscriminatory reason for its actions. *McDonnell Douglas Corp.*, 411 U.S. at 802. If the defendants articulate such a reason, the burden returns to Smith to show the city's reasons are pretextual. *Id.*

Smith has failed to establish a prima facie case of disability discrimination because he has not shown that he can perform the essential functions of a police officer. *Higgins*, 931 F.3d at 669. This is true because police officers are required to remain relatively calm under stressful circumstances and must be able to make decisions when placed under stress. Although this is the case, the record is clear that Smith is prone to shut-down when he hears unexpectedly loud noises. *See* Doc. No. 13-11. Indeed, the examining psychologist refused to recommend that Smith be certified as a law enforcement officer. Consequently, Smith cannot show that he is qualified to perform the essential functions of a police officer.

Even if Smith could establish a prima facie case of disability discrimination, the city has presented legitimate, nondiscriminatory reasons for Smith's termination. The city has a legitimate interest in having its law enforcement officers react quickly and calmly in highly stressful and dangerous situations. Reply Br. Summ. J. at 9.

Smith has failed to show that the city's stated reasons for terminating him are pretextual. He has submitted evidence that he joined the Randolph County Sheriff's Office after he was terminated from the police department. This, however, does not rebut the police department's legitimate interest in having its police officers react quickly and calmly to unexpected stressors. Resp. Summ. J. at 14. Summary judgment is granted as to Smith's disability discrimination claims.

B. Breach of Contract

Summary judgment is granted on Smith's breach of implied contract claim. This is because Smith was an at-will employee, and his personnel handbook, Doc. No. 13-21 at 5, did not contain an express agreement against termination except for cause. *Lynn v. Wal-Mart Stores, Inc.*, 102 Ark. App. 65, 71, 280 S.W.3d 574, 579 (2008).

IV. CONCLUSION

For the foregoing reasons, the defendants' amended motion for summary judgment [Doc. No. 12] is granted on all of Smith's claims, and this case is dismissed with prejudice.

IT IS SO ORDERED this 27th day of January 2020.

_____
UNITED STATES DISTRICT JUDGE